UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-01761-MEMF-SK | Date | June 8, 2026 |
| Title | *Iqbal Singh v. United States Citizenship and Immigration Services et al* | | |

Present: The Honorable: Hon. Michelle Williams Court

| | |
|---|---|
| T. Jackson | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S RULE 56(D) MOTION [DKT. NO. 48]**

The Court is in receipt of Plaintiff Iqbal Singh's Rule 56(d) Motion. Dkt. No. 48 ("Motion"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court denies the motion.

**Procedural Background**

On February 10, 2025, Plaintiff Iqbal Singh filed his First Amended Complaint, alleging that Defendants have violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, in withholding or unreasonably delaying action on his asylum application. *See* Dkt. No. 20 ("1AC"). On June 24, 2025, the Court denied Defendants' motion to dismiss the 1AC. Dkt. No. 27. Defendants filed their answer to the 1AC on July 3, 2025. Dkt. No. 25. On August 13, 2025, the parties filed a joint Rule 26(f) report. Dkt. No. 30. On August 25, 2025, the Court issued a Civil Trial Order with case deadlines. *See* Dkt. No. 34.

On October 14, 2025, the Court granted Defendants' motion for a stay in light of appropriations, and ordered that all current deadlines for the parties be "extended by the total number of days of the lapse in appropriations." Dkt. No. 39. On that same day, the Court also granted an Order relieving the parties "of the obligation to lodge a Certified Administrative Record ('Record'), provided they submit any relevant portions of the record as exhibits to any motions filed with the Court." Dkt. No. 40.

On March 16, 2026, Defendants filed their Motion for Summary Judgment. Dkt. No. 46. On March 26, 2026, Singh filed this instant Motion. *See* Motion. On March 31, 2026, the Court issued an order requiring what questions Defendants needed to address in their Opposition. Dkt. No. 49. On April 9, 2026, the parties filed a motion to set a briefing schedule for this Motion. Dkt. No. 50. On April 16, 2026, Defendants filed an Opposition to the Motion. *See* Dkt. No. 51 ("Opposition"). On April 30, 2026, Singh filed a Reply to the Opposition. *See* Dkt. No. 56 ("Reply"). On April 29, 2026, the Case was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-01761-MEMF-SK | Date | June __, 2026 |
| Title | *Iqbal Singh v. United States Citizenship and Immigration Services et al* | | |

reopened. Dkt. No. 55.

**Applicable Law**

Under Federal Rule of Civil Procedure 56(d)(2), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: allow time to . . . take discovery." Fed. R. Civ. P. 56(d)(2). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Failure to comply with such requirements "'is a proper ground for denying discovery and proceeding to summary judgment.'" *Id.* (quoting *State of Cal., on Behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)). Moreover, "failure to conduct discovery diligently is grounds for denial of a Rule [56(d)] motion." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002).

**Discussion**

Here, the Court finds that Singh is not entitled to additional discovery according to Rule 56(d). Singh has submitted a declaration in support of his request, explaining that "further factual development is necessary to fully oppose Defendants' motion," and explaining what documents it requests and why they are "necessary." *See* Castro Decl. ¶¶ 3-4, Dkt. No. 48. But the Court finds that these requests are overbroad and do not identify the "specific facts" that Singh seeks from further discovery, and Singh does not explain how such facts are "essential to oppose summary judgment." *Fed. Home Loan Mortg. Corp.*, 525 F.3d at 827.

Singh requests: (1) "[a]ll documents in the Defendant's possession bearing [his] name," like his "background security check documents"; (2) "[a]ll documents reviewed by the Defendant in completing Plaintiff's background security check"; (3) "[a]ll documents reviewed by Acting Chief of the Asylum Division Brett Lassen in preparation of his Declaration," like the "LIFO protocol and internal processing"; (4) "[a]ll documents reviewed by Los Angeles Asylum Office Director David Radel in preparation of his Declaration," like "data and processing"; (5) "[a]ll documents outlining the process by which Defendant determines which cases proceed to interview and which do not"; (6) "[a]ll documents related to Defendant's alleged institution of a First In, First Out ("FIFO") policy in December of 2014, including a copy of the policy itself"; (7) "[a]ll documents related to Defendant's alleged institution of a Last In, First Out ("LIFO") policy in January of 2018, including a copy of the policy itself"; (8) "[a]ll reports which reflect how many affirmative asylum applications were filed with Defendant and how many were adjudicated per year for each year since 2014 through 2026"; (9) "[a]ll documents which support Defendant's allegation . . . contained in Paragraph 29 of the Declaration of Brett Lassen"; and (10) "[a]ny documents that reflect the so-called 'normal order' of processing asylum cases as set forth in Paragraph 41 of the Declaration of Brett Lassen." Castro Decl. ¶¶ 3-4.

First, as Defendants note in Opposition, Singh's Requests for Productions Nos. 1-2, 6-8, and 10 "ask for volumes of information that can hardly be 'specific facts' essential to resolving the question of whether the alleged delay was reasonable." Opposition at 9. Singh does not address this argument in Reply and only contends that "the reasons for the requests [were] already provided in [Singh's] counsel's declaration." Reply at 2-3. Thus, the Court finds that Singh concedes that it has not identified "specific facts."

Moreover, Singh contends that all his requests are "relevant for the TRAC factors and [his] unreasonable delay arguments," but this vague description does not show how such facts would be necessary "to oppose summary judgment." *See* Castro Decl. ¶¶ 3-4, Dkt. No. 48; Opposition at 7-8. Singh "requests access to this information in order to prove reasonableness of the delay and the agency's duty to adjudicate this matter," but Singh does not explain what is in dispute regarding his delay arguments and show how his requested facts are "essential to oppose summary judgment." Reply at 3; *see also Fed. Home Loan Mortg. Corp.*, 525 F.3d at 827. Accordingly, the Court finds that Singh has not satisfied the requirements under Rule 56(d).

Also, even if Singh has satisfied the three requirements, *see Fed. Home Loan Mortg. Corp.*, 525 F.3d at 827, Singh has failed "to conduct discovery diligently," which is grounds for denial for his Rule 56(d) Motion. *Pfingston*, 284 F.3d at 1005. Defendants served the Certified Administrative Record on Singh on October 10, 2025, *see* Opposition at 10, but Singh "did not file a motion to supplement the record," or a motion to compel discovery until March 2, 2026, *id.* at 11. Singh then filed this instant Motion after Defendants denied his request for discovery. *Id.* Singh does not address these contentions in his Reply. *See* Reply at 2. Nor does he explain why he had to wait until the Statement of Uncontroverted Facts was filed on March 16, 2026, to request additional discovery, when he had the Certified Administrative Record since October 10, 2025. *See id.* Thus, the Court finds that Singh did not act diligently with discovery, so the Rule 56(d) Motion shall be denied.

**Conclusion**

For the aforementioned reasons, Plaintiff's Rule 56(d) Motion, Dkt. No. 48, is DENIED.

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk TJ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-01761-MEMF-SK | Date | June __, 2026 |
| Title | *Iqbal Singh v. United States Citizenship and Immigration Services et al* | | |