UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IQBAL SINGH,

Plaintiff,

v.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES, ET AL.,

Defendants.

Case No.: 5:24-cv-01761-MEMF-SK

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDMENT (DKT. NO. 46) [JS-6]**

Before the Court is a Motion for Summary Judgment filed by Defendants United States Citizenship and Immigration Services ("USCIS"), Ur Mendoza Jaddou, and David Mathew Radel. Dkt. No. 46 ("Motion"). For the reasons stated herein, the Court hereby GRANTS the Motion.

/ / /

/ / /

# I. Background

## A. Factual Allegations

This action arises out of Plaintiff Iqbal Singh's application for asylum filed on February 22, 2022. Since filing, USCIS has taken no action on his pending asylum application, including conducting an interview.

## B. Procedural History

On August 16, 2024, Singh filed a complaint against Defendants USCIS, Ur Mendoza Jaddou, and David Mathew Radel ("Defendants"). Dkt. No. 1. Singh filed an amended complaint on February 10, 2025, alleging that Defendants violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, in withholding or unreasonably delaying action on his asylum application. *See generally* Dkt. No. 20 ("1AC").

On June 24, 2025, the Court issued an order denying Defendants' Motion to Dismiss. Dkt. No. 27. On March 16, 2026, Defendants filed this instant Motion for Summary Judgment jointly briefed by the parties. *See* Motion. The parties filed a joint statement of uncontroverted facts, Dkt. No. 46-6, and a joint evidentiary appendix, Dkt. No. 46-7. The Court found this matter appropriate for resolution without oral argument and vacated the hearing set for June 11, 2026. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

# II. Applicable Law

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). "A moving party without the ultimate burden of persuasion at trial—usually, but not always, a defendant—has both the initial burden of production

and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To carry its burden of production, the moving party must either: (1) produce evidence negating an essential element of the nonmoving party's claim or defense; or (2) show that there is an absence of evidence to support the nonmoving party's case. *Id.*

Where a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. *Id.* at 1102–03. In such cases, the nonmoving party may defeat the motion for summary judgment without producing anything. *Id.* at 1103. However, if a moving party carries its burden of production, the burden shifts to the nonmoving party to produce evidence showing a genuine dispute of material fact for trial. *Anderson*, 477 U.S. at 248–49. Under these circumstances, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the motion for summary judgment shall be granted. *Id.* at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *See id.* "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). The Court need not "comb the record" looking for other evidence; it is only required to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein. *Id.* 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be

insufficient; there must be evidence on which the jury could reasonably find for [the opposing party].” *Anderson*, 477 U.S. at 252.

To carry its ultimate burden of persuasion on the motion, the moving party must demonstrate that there is no genuine issue of material fact for trial. *Nissan Fire*, 210 F.3d at 1102; *Celotex Corp.*, 477 U.S. at 323.

## III. Findings of Fact[1]

The Court finds the following material facts are established for trial under Federal Rules of Civil Procedure 56(a) and 56(g):

Iqbal Singh applied for asylum on February 22, 2022, and is still currently waiting on adjudication. SUF ¶ 1. On January 21, 2018, USCIS returned to a “Last-In First-Out” (“LIFO”) scheduling system for prioritization of asylum interviews. SUF ¶ 2; *see also* Radel Decl. ¶ 13, Dkt. No. 46-1. Prior to this, USCIS had instituted a “First-In First-Out” (“FIFO”) scheduling, where cases were prioritized in simple chronological order, but this led to a substantial increase in nonmeritorious asylum applications filed primarily to obtain work authorization. Lassen Decl. ¶¶ 21-23, Dkt. No. 46-2. Based on LIFO prioritization, applications that were scheduled for interview but had to be rescheduled due to USCIS’s needs as well as applications pending twenty-one days or fewer are given priority over all other pending applications. SUF ¶ 3; *see also* Lassen Decl. ¶ 25. With this category of pending applications, USCIS prioritizes newer filings and works backwards towards older filings. Lassen Decl. ¶ 25. Singh’s application falls within this category of applications. SUF ¶ 3. While Singh awaits adjudication of his application, he has been granted work authorization. *Id.* ¶ 10.

## IV. Discussion

Defendants move for summary judgment, contending that the undisputed facts do not support Singh’s APA claim because: (1) the Court lacks jurisdiction to hear his APA claim, and (2) Singh

---

[1] The facts set forth below are taken from the parties’ joint Statement of Uncontroverted Facts, Dkt. No. 46-6 (“SUF”), Declaration of David Radel, Dkt. No. 46-1 (“Radel Decl.”), and Declaration of Brett H. Lassen, Dkt. No. 46-2 (“Lassen Decl.”). To the extent that any statements of fact are omitted, the Court concludes they are not material to the disposition of this Motion. To the extent that any of the facts set below were allegedly disputed, the Court concludes that no actual dispute exists or that the adopted language resolves the dispute.

cannot show that there is a genuine dispute of material fact regarding unreasonable delay of his asylum application. *See generally* Motion. For the reasons discussed below, the Court finds that it has jurisdiction, but Singh has not produced evidence to show a genuine issue of material fact regarding his unreasonable delay claim.[2]

**A. The Court has jurisdiction over Singh's APA claim.**

Defendants contend that APA relief is unavailable as a matter of law because: (1) Singh has failed to show a clear, nondiscretionary duty to adjudicate his asylum application within a specific timeframe, and (2) the timing requirements under 8 U.S.C. § 1158(d)(5)(A)(ii)–(iii) are not mandatory, so they are committed to agency discretion as a matter of law and thus not judicially reviewable. *See* Motion at 9-11, 14-16. Specifically, Defendants contend that under 8 U.S.C. § 1158(d)(7), there is no "private right of action to enforce [the] timelines" identified in 8 U.S.C. § 1158(d)(5)(A)(ii)–(iii), so Singh cannot show that Defendants have a discrete, legal duty to obtain relief under Section 706(1) of the APA. *Id.* at 10-11. And "[b]ecause there is no agency action required by law [under 8 U.S.C. § 1158(d)(5)(A)(ii)–(iii)], this Court has no jurisdiction under the APA to compel the scheduling of an interview or the adjudication of [Singh's] application." *Id.* at 14-16. For the reasons discussed below, the Court finds there is a clear and discrete nondiscretionary legal duty to adjudicate Singh's application in a timely manner, and Defendants' actions are not committed to agency discretion as a matter of law, so this Court has jurisdiction to review Singh's APA claim.

A claim under 5 U.S.C. § 706(1) "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Vaz v. Neal*, 33 F.4th 1131, 1136 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). "Thus, a court may compel agency action under the APA when the agency (1) has a clear, certain, and mandatory duty, and (2) has unreasonably delayed in performing such duty."

---

[2] In his Opposition, Singh contends that "there simply is no complete administrative record for the Court to possibly review because the Defendants have not done their job," and then timely filed a Rule 56(d) Motion for additional discovery. *See* Motion at 4; Dkt. No. 48. But as discussed in the Court's ruling on Singh's Rule 56(d) Motion, Singh did not meet the requirements for a Rule 56(d) Motion, and thus the Court examines the record presently before it for this Motion.

*Id.* (internal citations omitted). And "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

Here, the Court finds that Section 1158(d)(7) does not divest this Court of jurisdiction, and the term "shall" reflects a mandatory, nondiscretionary legal duty requirement, not committed to agency discretion as a matter of law.

Under 8 U.S.C. § 1158(d)(5)(A), an initial interview or hearing on an asylum application "*shall* commence not later than 45 days" after the application is filed, and the final adjudication "*shall* be completed within 180 days" after the application is filed, with both deadlines being "in the absence of exceptional circumstances." 8 U.S.C. § 1158(d)(5)(A)(ii)–(iii) (emphasis added). 8 U.S.C. § 1158(d)(7) states that in this subsection, there is no "substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies." *Id.* § 1158(d)(7). So the explicit timeframes set forth in Section 1158(d)(5)(A) cannot legally be enforced. But Section 1158(d)(7) does not expressly preclude judicial review of Defendants' actions to implement an interview and adjudicate Singh's asylum application "within a reasonable time," where 8 U.S.C. § 1158(a)(3) explicitly states: "No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)," and 8 U.S.C. § 1158(b)(2)(D) states that: "There shall be no judicial review of a determination of the Attorney General under subparagraph (A)(v)." *Id.* § 1158(a)(3), (b)(2)(D); *see also* 5 U.S.C. § 555(b).

If Congress intended to preclude judicial review of the actions in Section 1158(d)(5)(A)(ii)–(iii), it would have said so, like it did with the other sections. Because "Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest," this Court does not "assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply." *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 341 (2005); *see also Japan Whaling Ass'n v. Am. Cetacean Soc.*, 478 U.S. 221, 230 n.4 (1986) (noting that there must be "clear and convincing evidence of legislative intention to preclude review"). Defendants' argument would run counter to the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder*, 558 U.S. 233, 251 (2010). Thus, the term "shall" in Section 1158(d)(5)(A)(ii)–(iii) makes Defendants' duty to commence the initial asylum

interview and adjudicate the asylum application "within a reasonable time" a "mandatory" nondiscretionary duty. *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1081 (9th Cir. 2016) (quoting *Firebaugh Canal Co. v. United States*, 203 F.3d 568, 573 (9th Cir. 2000) (noting that "[t]he term 'shall' is usually regarded as making a provision mandatory"); *see also* 5 U.S.C. § 555(b); Motion at 12-13.

Moreover, because the term "shall" is mandatory, Defendants' nondiscretionary duty to schedule Singh's asylum interview and adjudicate his application is not committed to agency discretion as a matter of law. *See* 5 U.S.C. § 701(a)(2). Section 701(a)(2) is a "narrow exception" that applies when there are "no judicially manageable standards" providing law for a court to apply. *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). As discussed below with the *TRAC* factors, there are "judicially manageable standards" to determine if Defendants unreasonably delayed Singh's asylum application. *Id.* The fact that Defendants have some limited discretion in "exceptional circumstances" does not negate Defendants' mandatory duty to set asylum interviews and adjudicate asylum applications "within a reasonable time." Motion at 16. "[T]he mere fact that a statute contains discretionary language does not make agency action unreviewable." *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 719 (9th Cir. 2011) (internal quotation marks omitted) (quoting *Beno v. Shalala,* 30 F.3d 1057, 1066 (9th Cir. 1994)). And "discretion in the manner in which the duty may be carried out does not mean that the [Defendants] do[] not have a duty to perform a 'discrete action' within the meaning of § 706(a)." *Vietnam Veterans of Am.*, 811 F.3d at 1079. Accordingly, Section 706(a)(2) does not bar judicial review of Defendants' mandatory duty to adjudicate Singh's asylum application.

In sum, Defendants have a mandatory, nondiscretionary discrete duty to interview Singh for his asylum application and adjudicate his application, so this Court has jurisdiction to review Singh's unreasonable delay claim under 5 U.S.C. § 706(1).

### B. Singh has not created a genuine issue of material fact regarding unreasonable delay under the APA.

"To determine whether an agency's delay is unreasonable under the APA," a court should apply the *TRAC* factors—the six-factor balancing test announced in *Telecommunications Research*

*& Action Center v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) ("*TRAC*"). *Vaz*, 33 F.4th at 1137. In particular, the *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason";
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and
> (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Id*. For the reasons discussed below, the Court finds that the *TRAC* factors do not support finding a genuine issue of material fact regarding Singh's unreasonable delay claim for his asylum application.

i. First and Second TRAC Factors

The first *TRAC* factor considers "whether the time for agency action has been reasonable," and is the most important factor, although not itself determinative. *Vaz*, 33 F.4th at 1138. The Ninth Circuit has indicated that "a reasonable time for agency action is typically counted in weeks or months, not years." *Id.* Here, Singh has been waiting over four years for the adjudication of his application. Thus, the time for agency action has not been reasonable.

With regards to the second *TRAC* factor, the Court notes that the delay is well beyond the 180-day timeframe set by the INA. However, Defendants have presented declarations explaining that Singh's application falls within the category of applications that are currently not being prioritized due to USCIS's LIFO scheduling system. *See* Radel Decl. ¶¶ 13-14, 21, 24, Dkt. No. 46-1. Defendants also explain that LIFO was first adopted in 1995 in response to the filing of nonmeritorious asylum applications primarily to obtain employment authorization documents ("EADs"). Lassen Decl. ¶¶ 12-13, 20, Dkt No. 46-2. While USCIS temporarily adopted a FIFO system in 2014, this had negative consequences, including a substantial increase in asylum applications and requests for EADs. *Id.* ¶¶ 21, 22. Thus, USCIS returned to the LIFO system in January 2018. *Id.* ¶ 24. However, USCIS has started using a "second track" for scheduling interviews on the backlog of cases it has, starting with older cases and working forward. *Id.* ¶ 32.

It appears to this Court that the scheduling system employed by USCIS could potentially qualify as a "rule of reason," although it is unclear from the current record whether based on this scheduling system there is any concrete timeline for processing Singh's application.[3] However, it appears that the "crisis-level" backlog of 1,161,686 pending asylum applications at USCIS would likely qualify as an "exceptional circumstance," excusing the otherwise mandated statutory time frame. *Id.* ¶¶ 27-29, 34-36; *see also* Motion at 22. Singh has not produced facts to create a genuine issue regarding this "exceptional circumstance." *See* Motion at 29-30. Accordingly, Singh cannot show there is a genuine issue of material fact as to factor two to defeat summary judgment for his unreasonable delay claim.

ii. Remaining *TRAC* Factors

Here, the Court finds that Singh has not shown harm or prejudice supporting the third and fifth *TRAC* factors. Singh argues that "this delay has hindered his ability to focus on work due to the ongoing stress and anxiety as he constantly worries whether he will be able to permanently remain in the country," and the delay has caused "debilitating headaches." Motion at 30-31. While the Court in no way diminishes the mental toll that the asylum process may take on him, and the physical impacts of his stress from the application, Singh has not argued that his life has otherwise been affected by the delay. Rather, he is still able to work as a truck driver, pursuant to his work authorization, and otherwise live his life in this country without substantial impact from the delay. *Id.* Moreover, the prejudice must be weighed against the prejudice of expediting asylum applications in Singh's category as a whole—those that have been de-prioritized by the LIFO system. In considering the balancing of interests in expediting just Singh's application, the Court finds that to move him ahead of other similarly situated applicants would negatively impact these other applicants. *See* Motion at 25-26; Lassen Decl. ¶¶ 40-41. And Singh has not shown facts to create a genuine dispute regarding his harm or prejudice beyond what other applicants are facing. *See* Motion at 31. Also, it appears that by expediting applications such as Singh's, as reflected when USCIS last switched to FIFO,

---

[3] The Court notes that district courts have found that LIFO is a rule of reason. *See e.g.*, *Teymouri v. U.S. Citizenship and Immigration Services*, 2022 WL 18717560, at *4 (C.D. Cal. Jan. 31, 2022) (collecting cases).

USCIS faces prejudice in increased asylum applications overall with a large portion of them nonmeritorious (presumably made with the purpose of procuring EADs). Lassen Decl. ¶¶ 20, 22. Accordingly, the Court does not find that remaining factors support an unreasonable delay here.[4]

In sum, the Court finds that Singh has not shown a genuine issue of material fact as to his unreasonable delay claim. Thus, the Motion shall be granted.

## V. Conclusion

For the foregoing reasons, the Court hereby GRANTS the Motion.

IT IS SO ORDERED.

Dated: June 8, 2026

HON. MICHELLE WILLIAMS COURT
United States District Judge

[4] The sixth factor is moot, and merely instructs that an agency delay need not be intentional to be unreasonable. Here, Singh has not alleged bad faith. Motion at 31.